## SAVILA H. SCOTT *vs.* WINFIELD T. SCOTT.

JULY 9, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J.    This is a motion by the respondent to modify a final decree of divorce in which the successful petitioner was awarded the custody of the minor son of the parties. In his motion respondent prays that he be awarded the custody of the child; that petitioner be permanently enjoined from removing him from the jurisdiction of the superior court; and also that pending a hearing on the motion she be restrained from taking such action.

The superior court entered a restraining order *ex parte* as prayed for. Thereafter petitioner filed an answer denying the allegations of the motion on which the prayer for change of custody was based. After a hearing on that motion, a decree was entered denying a change of custody but restraining petitioner from removing the child from the jurisdiction of the superior court pending certain proceedings at law for the eviction of petitioner from her dwelling house in Providence and until further order of the court. From that decree respondent has appealed to this court.

Respondent filed six reasons of appeal but they may be summarized as being substantially to the effect that such decree is against the law, against the evidence and against the law and the evidence and the weight thereof. The

grounds upon which he based his prayer for custody were that petitioner had threatened to leave the state of Rhode Island and take their child with her; that such action on her part would be unlawful and in violation of his parental rights; and that it would work irreparable harm and injury to the best interests and welfare of the child.

In support of those allegations he testified that petitioner had notified him she intended to move to Brooklyn, New York, and take the child with her in the event that she was evicted from the house in which she was living in Providence and could not find other suitable premises here. He testified that the child had proved unmanageable in the public schools to which he was sent; that it was necessary to place him in a private school in East Greenwich in this state where he is at present; that he has made real progress there in adjusting himself; and that to withdraw him from those surroundings now and take him to New York would be detrimental to his welfare and would unjustly deprive the respondent of a reasonable opportunity to share the companionship of the child.

Petitioner testified that she had no present intention of removing to New York but that if she were evicted from her home and could not find other suitable housing accommodations she did not know what she would do. Based on such testimony the trial justice decided that no cause had been shown either for changing the custody of the child or for issuing a permanent injunction as prayed for in the motion. In entering the decree carrying out his decision, however, he did restrain petitioner from removing the child from this jurisdiction until further order of the court.

From our examination of the evidence it seems to us that respondent's prayers for change of custody and a permanent injunction were based solely upon petitioner's alleged intention to remove the child from this jurisdiction. We cannot say that the trial justice was clearly wrong in finding that no cause had been shown for the granting of either form of relief. What the legal rights of the respondent may

be in the matter of the removal of the child from this jurisdiction by the petitioner if she finally decides to take such action has, in our opinion, not been finally decided by the superior court in the instant proceedings and, therefore, there is no necessity to pass upon that question at this time. Regardless of certain statements of the trial justice in the announcement of his decision from the bench that petitioner was free to take the child wherever she wished to go, if she were evicted, the decree which he entered expressly restrains her from taking the child out of this jurisdiction "until further order of this Court." The decree and not the court's statements govern in this matter.

Moreover petitioner frankly concedes in her brief that before she may take the child from this jurisdiction she must first file a motion to dissolve that restraining order. At the hearing on such a motion, if and when filed, the respondent may make such contentions as he deems advisable to the effect that petitioner has no lawful right to remove the child permanently from this state. At present, in view of the decree which has been entered by the superior court, we are of the opinion that those contentions are premature and, therefore, they are not decided here.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Francis J. O'Brien*, for petitioner.

*Hogan & Hogan*, for respondent.